IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MAURINE THORNTON, an individual,   )
                                   )
            Plaintiff,             )
                                   )
v.                                 )   Case No. 12-CV-298-JED-FHM
                                   )
MORGAN STANLEY SMITH BARNEY,       )
LLC, a Delaware Limited Liability  )
Company,                           )
                                   )
            Defendant.             )

## OPINION AND ORDER

The issue of whether Plaintiff should be required to pay for some portion of the costs of Defendant responding to Plaintiff's request for production of e-mails is before the court for decision. A hearing was held on this issue in connection with Plaintiff's Second Motion to Compel [Dkt. 53]. After the hearing, the parties filed additional briefs and supporting affidavits.

Plaintiff contends that the requested discovery is reasonably focused on the employees of Defendant who were directly involved in matters at issue in the case, limited in time and the proposed search terms will limit production to relevant documents. Plaintiff further contends the discovery is necessary because Defendant has not performed any systematic search of its e-mail system for relevant e-mails.

Defendant responds that it has already produced substantial discovery including relevant e-mails and that the e-mail search and production requested by Plaintiff is overbroad and would impose an undue burden on Defendant based on the cost to comply with the request. Defendant therefore requests that if Defendant is compelled to search

1

for and produce the e-mails, some part of the cost be shifted to Plaintiff.

Defendant presented evidence that the estimated cost of searching for and producing the e-mails would be $91,337.00 which could be reduced by as much as $37,399.00 if the data was produced in native form. Defendant also presented evidence that the estimated cost for initial privilege and responsiveness review would be $534,717.00.

Plaintiff presented evidence that the cost estimates presented by Defendant were inflated and that various steps could be taken to reduce the costs. Plaintiff also argues that the review costs could be reduced or eliminated by the use of a "claw back" agreement and/or a court order under F.R.Evid. 502.

The court has the authority to condition the discovery of e-mails by requiring the party seeking the discovery to pay some or all of the costs. F.R.Civ.P. 26(b)(2)(B). The decision of whether to do so is guided by F.R.Civ.P. 26(b)(2)(C). This authority is not limited to situations where the e-mails are not reasonably accessible because they are not on an active system. The cost of responding to the discovery request alone can be the basis for cost shifting or sharing. However, the general rule is that the responding party should bear the cost.

The court concludes that the burden and expense of the requested e-mail discovery does not outweigh its likely benefit. Plaintiff was engaged in complicated trading activities on behalf of her clients and Defendant involved multiple levels of management in imposing restrictions on Plaintiff's trading activities and ultimately Plaintiff's termination. Although Defendant has already produced many relevant documents, including e-mails, no systematic e-mail search has been done by Defendant. The cost for searching and

production, either $91,337.00 or $53,938.00 ($91,337.00 - $37,399.00), is not disproportionate to the needs of the case.

The cost of reviewing e-mails for privilege and responsiveness after they have been located and prepared for production is generally not shifted or shared because the responding party completely controls the level of any review and the associated costs. *Fleisher v. Phoenix Life Ins. Co.,* 2012 WL 6732905 (S.D.N.Y., 2012); *Adair* v. EQT Production Co., 2012 WL 1965880 (W.D. Va. 2012). Moreover, Defendant has not established that a particular level of review is necessary in this case or that a "claw back" agreement or F.R.Evid. 502 order would not reduce or eliminate the estimated costs.

Based on the arguments presented the court denies Defendant's request for cost shifting or sharing. The cost of searching and producing does not place an undue burden on Defendant. The cost of review is within Defendant's control and there are reasonable steps Defendant can take to reduce those costs.

Notwithstanding the court's order denying Defendant's request for cost shifting or sharing, Plaintiff is hereby ordered to confer with Defendant in a good faith effort to reduce the costs to Defendant.

Plaintiff's Second Motion to Compel [Dkt. 53] is GRANTED as set forth herein.

IT IS SO ORDERED this 3rd day of May, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE