IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAURINE THORNTON, <br><br> Plaintiff, <br><br> vs. <br><br> MORGAN STANLEY SMITH BARNEY, LLC, <br><br> Defendants. | Case No.12-CV-298-JED-FHM |

## OPINION AND ORDER

Defendant Morgan Stanley Smith Barney's (MSSB) Motion for Protective Order, [Dkt. 112], has been referred to the undersigned United States Magistrate Judge for decision. The matter has been fully briefed, [Dkt. 112, 113, 114].[1] The motion is GRANTED.

Plaintiff issued a subpoena to non-party Settlement Services under Fed. R. Civ. P. 45. The subpoena requested production of:

> All Claims Forms submitted to the Claims Administrator at Settlement Services, Inc. regarding the matter of *Amochaev et al. v. Citygroup Global Markets, Inc. d/b/a Smith Barney*; Case No. C-05-1298 (Northern District of California), by all Claimants who provided an address within the State of Oklahoma in Section B of their Claim Forms.

[Dkt. 112-1, p. 5]. Settlement Services is the court-appointed claims administrator for a settlement agreement reached in a class action filed in the Northern District of California. In that class action, known as the *Amochaev* case, female Financial Advisors alleged gender discrimination in account distribution practices. [Dkt. 112, p. 3]. The *Amochaev*

---

[1] Plaintiff also filed a Motion For Leave to Supplement, [Dkt. 130] which was fully briefed, [Dkt. 135, 139]. Plaintiff's Motion for Leave to Supplement, [Dkt. 130], is GRANTED. The court has considered these briefs in ruling on the Motion for Protective Order, [Dkt. 112].

Settlement, to which Defendant MSSB was a party, covered the account distribution practices from June 25, 2003 through March 1, 2008. Female Financial Advisors employed during this time could participate in a monetary award by submitting a claim form without any need to show that they were discriminated against. The Settlement Agreement provided that the identity of claimants and the content of their claims forms would be kept confidential.

Defendant argues that good cause exists for the imposition of a protective order to prevent the disclosure of any *Amochaev* class action claims forms. Defendant asserts that production of the confidential settlement information would contravene the anonymity promised to *Amochaev* class members who are not parties to the instant lawsuit. In addition, the claims forms are not relevant to any claim or defense in this case as the allegations in this case are entirely different from the ones alleged in the *Amochaev* case and the time frame of the allegations in this case and *Amochaev* do not even overlap.

Plaintiff asserts that female Financial Advisors have been endorsed by Defendant as witnesses. To the extent these witnesses testify that they have not experienced or observed discrimination against women in the Tulsa branch, Plaintiff argues that their claims as members of the *Amochaev* class action are relevant to impeach such testimony. Plaintiff states that evidence of claims submitted by other women is further relevant to show Defendant's discriminatory intent in dealing with Plaintiff. Plaintiff asserts that the confidentiality of the claims forms would be protected because the subpoena calls for the claims forms to be produced in a redacted form and they would be maintained under an attorney's eyes only designation. According to Plaintiff, such production would be

consistent with the Settlement Agreement. In Plaintiff's supplemental brief, Plaintiff argues that the claims forms are needed to rebut the affidavit of Defendant's branch manager that he hired and supported many successful female financial advisors over the years.

None of Plaintiff's assertions are persuasive. The court finds that good cause exists to issue a protective order to prevent discovery of *Amochaev* claim forms. The *Amochaev* claim forms have no relevancy to this case. The *Amochaev* case involved entirely different types of allegations over a time frame that ended before the first allegedly discriminatory action in this case took place. Further, the claims forms were completed by people who are not parties to this lawsuit and the forms were completed in connection with a court-approved settlement agreement that provided for the anonymity of the claimants and confidentiality concerning their claims. Plaintiff's proposed use of the claims forms for impeachment would destroy the confidentiality of the information. In addition, it is not clear that the testimony of the female Financial Advisors and Defendant's branch manager which Plaintiff plans to impeach by use of the claims forms will be permitted at trial. That testimony is not probative of any matter at issue concerning Plaintiff's particular claim or Defendant's defense. Therefore, considering the needs of the case and the lack of importance of the claims form information in resolving any of the issue at stake in this action, Plaintiff will not be allowed to pursue discovery of the claims form information. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Defendant Morgan Stanley Smith Barney's (MSSB) Motion for Protective Order, [Dkt. 112], is GRANTED.

SO ORDERED this 22nd day of October, 2013.

Frank H. McCarthy
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

3